IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00174-GPG

RICHARD "NIKKI" RODGERS,

    Plaintiff,

v.

JODI SINKER, Nurse 3 of CTCF, Clinical Services,
ZUPAN, Warden of CTCF, FNU, and
COLORADO DEPARTMENT OF CORRECTIONS,

    Defendants.

ORDER

    This matter is before the Court on Plaintiff's *pro se* "Emergency Motion for Injunction and temporary Restraining Order," ECF No. 1, filed on January 26, 2015. The Court must construe the Motion liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff fails to establish a right to preliminary injunctive relief.

    The Court may not issue a temporary restraining order or preliminary injunctive relief unless Plaintiff shows, in part, "that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Further, Plaintiff must certify in writing the efforts she made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A).

    The primary purpose of injunctive relief is to preserve the status quo pending a

final determination of the parties' rights. *Otero Savings and Loan Ass'n v. Federal Reserve Bank of Kansas City, Mo.*, 665 F.2d 275 (10th Cir.1981). A plaintiff seeking a TRO or preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) irreparable injury to the plaintiff if the injunction is denied; (3) the threatened injury to the plaintiff outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001); *see also SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991).

Even if Plaintiff had satisfied all of the procedural requirements for obtaining ex parte relief pursuant to Rule 65(b)(1), the Court finds that preliminary injunctive relief is not appropriate in this case. Because a preliminary injunction "is an extraordinary remedy, the [plaintiff's] right to relief must be clear and unequivocal." *Dominion Video*, 269 F.3d at 1154. Plaintiff has not argued all required factors to establish her right to temporary injunctive relief. Plaintiff has not demonstrated a substantial likelihood of success on the merits of her claims or that she will suffer irreparable injury if her hormone treatment is not continued. Accordingly, it is

ORDERED that the Plaintiff's Emergency Motion for Injunction and temporary Restraining Order," ECF No. 1, filed on January 26, 2015, is DENIED.

DATED at Denver, Colorado, this  6th  day of     March    , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court