IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00174-GPG


RICHARD "NIKKI" RODGERS,

      Plaintiff,

v.

JODI SINKER, Nurse 3 of CTCF, Clinical Services,
ZUPAN, Warden CTCF, FNU, and
COLORADO DEPARTMENT OF CORRECTIONS,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW IN PART

---

Plaintiff Richard "Nikki" Rodgers is a prisoner in the custody of the Colorado Department of Corrections.  Plaintiff currently is incarcerated at the Buena Vista Correctional Complex-Main& Boot Camp in Buena Vista, Colorado.  Plaintiff has filed p*ro se*, a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983, alleging that her rights under the United States Constitution have been violated.

The Court construes the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act a s an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed in part and drawn in part to a presiding judge and when applicable to a magistrate judge.

Overall, Plaintiff asserts she was diagnosed with Gender Dysphoria two years prior to her incarceration and was prescribed and took medication during this time, but

she was denied hormonal treatment once she was incarcerated.  Plaintiff seeks

injunctive relief and money damages.

Defendant Colorado Department of Corrections will be dismissed for the

following reasons.  Any claim against Defendant Colorado Department of Corrections is

barred by the Eleventh Amendment.  *See Will v. Michigan Dep ' t of State Police*, 491

U.S. 58, 66 (1989).  "It is well established that absent an unmistakable waiver by the

state of its Eleventh Amendment immunity, or an unmistakable abrogation of such

immunity by Congress, the amendment provides absolute immunity from suit in federal

courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41

F.3d 584, 588 (10th Cir. 1994).

Although the Eleventh Amendment does not bar a federal court action so long as

the plaintiff seeks in substance only prospective relief and not retrospective relief for

alleged violations of federal law, Plaintiff must assert a claim for prospective relief

against individual state officers.  *Verizon Maryland v. Public Service Commission of

Maryland*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521

U.S. 261, 296 (1997));  *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007).  Defendant,

Zupan, therefore, is a properly named defendant for any prospective relief.  Accordingly,

it is

ORDERED that Defendant Colorado Department of Corrections is dismissed as

an improper party to this action.  It is

FURTHER ORDERED that the Complaint as asserted against remaining Defendants shall be drawn to a presiding  judge and when applicable to a magistrate judge.

DATED at Denver, Colorado, this __6th__ day of ____March_____, 2015.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court