**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00174-CMA-NYW

RICHARD "NIKKI" RODGERS,

    Plaintiff,

v.

JODI SINKER, Nurse 3 of CTCF, Clinical Services, and
ZUPAN, Warden CTCF, FNU,

    Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

    This civil action is before the court on Plaintiff's "Motion for Leave and Verified Petition – Declaration of James Faircloth – Next Friend of Nikkie Rodgers For Court's Permission to Issue Order to Correspond with 'Nikkie' Rodgers to Assist In Litigation" (the "Motion").  [#32, filed July 10, 2015].  This matter was referred to this Magistrate Judge pursuant to the Order Referring Case dated March 6, 2015 [#11] and the memorandum dated July 13, 2015 [#33].

    Plaintiff asks that the court allow Mr. James-Arthur Faircloth to act as a "Sui Juris – Attorney-in-Fact-Next Friend" to her for the purposes of this litigation.[1]  Mr. Faircloth is in the custody of the Colorado Department of Corrections ("CDOC") and incarcerated at a different facility from where Plaintiff is housed; he is not authorized to practice law.

---

[1] The body of the Motion purports to be an affidavit signed by Mr. Faircloth, but appears to be written in Plaintiff's handwriting.

[#32 at 1]. Plaintiff seeks leave to correspond regarding legal advice with Mr. Faircloth via U.S. Mail (and thus waive the CDOC directive that inmates not correspond with each other through the mail), and permission for Mr. Faircloth to provide her with examples of legal documents and assist CDOC legal assistants in writing briefs for Plaintiff.

In *Whitmore v. Arkansas,* 495 U.S. 149 (1990), the Supreme Court made clear that standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." 495 U.S. at 163. The *Whitmore* court specifically considered "next friends" in the context of habeas corpus relief pursuant to 28 U.S.C. § 2254, but nonetheless opined that next friend standing should not exceed the scope as provided in the habeas corpus statute. *Id.* at 164-65 ("Without deciding whether a 'next friend' may ever invoke the jurisdiction of a federal court absent congressional authorization, we think the scope of any federal doctrine of 'next friend' standing is no broader than what is permitted by the habeas corpus statute, which codified the historical practice."). The Court then concluded that "one necessary condition for 'next friend' standing in federal court is a showing by the proposed 'next friend' that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* at 165. *See also Hayes v. Murphy*, 663 F.2d 1004 (10th Cir. 1981). Furthermore, the party seeking to represent a prisoner as next friend must establish a significant relationship with and a true dedication to the best interests of the real party in interest. *See, e.g., Whitmore*, 495 U.S. at 163.

The Motion does not demonstrate that Plaintiff is unable to litigate this action. The Complaint is detailed and cites legal authority. [#6]. The docket does not suggest any lack of access to the court, nor does Plaintiff argue that she lacks such access. Indeed, the only basis for Mr. Faircloth's assistance is in the interest of justice and to help Plaintiff assert her rights "concerning equality and public constitutional interests…" [#32 at 2]. Nor does Mr. Faircloth describe the nature of relationship with or interest in Plaintiff. *Cf. Brown v. Davis*, No. 08–3313–RDR, 2009 WL 536559 at *1 (D. Kan. March 3, 2009) (finding mother seeking to act as next friend to son in filing a writ of habeas corpus failed to satisfy burden of "clearly establishing the propriety of [her] status.").

Finally, because Mr. Faircloth does not qualify as "next friend," Plaintiff is directed to remind Mr. Faircloth that, as a lay person, he may not participate in the unauthorized practice of law by filing briefs on behalf of another in violation of state and federal provisions governing the practice of law. *Williams v. Boone*, 166 F.3d 1223, 5 (10th Cir. 1999).

IT IS ORDERED that the Motion [#32] is DENIED WITHOUT PREJUDICE.

DATED: July 15, 2015                     BY THE COURT:

                                         s/Nina Y. Wang_____
                                         United States Magistrate Judge