**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00174-CMA-NYW

RICHARD "NIKKI" RODGERS,

    Plaintiff,

v.

JODI SINKER, Nurse 3 of CTCF, Clinical Services, and
ZUPAN, Warden CTCF, FNU,

    Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

    This civil action is before the court on the following motions filed by Plaintiff Richard "Nikki" Rodgers:

1. Motion to Appoint Counsel [#38, filed July 31, 2015];

2. Motion for Leave to Respond to Partial Motion to Dismiss for Failure to State a Claim ("Motion for Leave to Respond") [#41, filed July 31, 2015];

3. Motion for Extension of Time to Respond to Partial Motion to Dismiss for Failure to State a Claim ("Motion for Extension of Time") [#43, filed July 31, 2015];

4. Motion for Leave to Correspond with Plaintiff as Next Friend and Verified Petition ("Motion for Leave to Correspond") [#44, filed July 31, 2015]; and

5. Motion for Order to Have a Prisoner's Civil Right Complaint Packet and a 28 U.S.C. § 2255 Packet ("Motion for Order") [#48, filed August 3, 2015].

These matters were referred to this Magistrate Judge pursuant to the Order Referring Case dated March 6, 2015 [#11] and the memoranda dated August 3, 2015 [#45] and August 4, 2015 [#49].

## BACKGROUND

Ms. Richards,[1] a *pro se* prisoner incarcerated at the Colorado State Penitentiary ("CSP") in Canon City, Colorado, filed this lawsuit on January 26, 2015 pursuant to 42 U.S.C. § 1983 claiming her First, Eighth, and Fourteenth Amendment rights had been violated. [#1, #5]. Plaintiff was housed at the Buena Vista Correctional Complex ("BVCC") when she initiated this action. Plaintiff is diagnosed with Gender Dysphoria, and had received hormone therapy twice daily for approximately two years prior to her incarceration in November 2012. [#6 at 4]. Plaintiff alleges that Defendant Sinker, a Colorado Department of Corrections ("CDOC") nurse, refused to allow Plaintiff access to hormone treatment explaining that her "own Christian beliefs and consciousness is the reason that I am discontinuing your hormonal treatment and CDOC agrees it is evil to change one's sex." [*Id.* at 3]. Plaintiff further alleges that Defendant Zupan, a CDOC warden, ignored her requests for treatment. *Id.* Plaintiff claims to have suffered severe distress including psychological breakdowns, suicidal ideations, and the desire to mutilate herself as a result of the lapse in her treatment. *Id.*

On May 26, 2015, Defendants filed a Partial Motion to Dismiss ("Motion to Dismiss") seeking to dismiss the First Claim for a First Amendment Violation and Third Claim for a Fourteenth Amendment Violation of due process rights. In addition,

---

[1] Because Ms. Richards self-identifies as female, this court uses female pronouns in this Order.

Defendants assert the defense of qualified immunity as to Defendant Zupan and argue that Plaintiff has not alleged Zupan personally participated in any constitutional violation. [#22]. Defendants simultaneously filed an Answer. [#21].

This court held a Scheduling Conference on June 3, 2015. Plaintiff was given notice of the Conference and at the designated time, expressed through her case manager that she declined to participate. *See* [#25]. This court proceeded with the Conference and entered a Scheduling Order instructing the Parties to complete discovery by November 15, 2015; file dispositive motions on or before December 15, 2015; and prepare for a Final Pretrial Conference to be held February 18, 2016. [#27]. The undersigned advised Plaintiff in the Courtroom Minutes that "failure to appear at future hearing or comply with the court's orders, the Federal Rules of Civil Procedure, or the Local Rules of the District of Colorado may lead to sanctions, including dismissal." [#25]. Counsel for Defendants informed the court at this time that Plaintiff had been moved from BVCC to Colorado Territorial Correctional Facility ("CTCF"). [*Id.*]

On July 10, 2015, Plaintiff filed several papers. She filed two motions requesting leave to file a Response to the Motion to Dismiss out of time [#29, #30], her Response to the Motion to Dismiss [#31], and a Motion for Leave and Verified Petition asking that the court allow Mr. James-Arthur Faircloth to act as a "Sui Juris – Attorney-in-Fact-Next Friend" to her for the purposes of this litigation [#32]. On July 14, 2015, this court granted the superseding motion seeking leave to file a response out of time and denied as moot the earlier motion. [#34]. On July 15, 2015, this court denied the Motion for

Leave and Verified Petition without prejudice. [#35]. Plaintiff informed the court on July 31, 2015 that she had been moved to CSP. [#37].

## ANALYSIS

I will first address the pending motions that seek relief that is either moot or has been previously denied. Because Plaintiff has already submitted her Response to the Motion to Dismiss, *see* [#31], and this court has granted her leave to file such Response out of time *see* [#34], the Motion for Leave to Respond and Motion for Extension of Time are denied as moot. Likewise, Plaintiff has already sought, and this court has denied, a motion to allow Mr. Faircloth to serve as her "next friend." [*See* #32, #35]. In the Order of denial, the undersigned Magistrate Judge directed Plaintiff to remind Mr. Faircloth that, as a lay person, he may not participate in the unauthorized practice of law by filing briefs on behalf of another in violation of state and federal provisions governing the practice of law. [#35 (citing *Williams v. Boone*, 166 F.3d 1223, 5 (10th Cir. 1999))]. The court also sent Mr. Faircloth a copy of this Order. [#36]. Although this court denied Mr. Faircloth next friend status without prejudice, the renewed motion is merely a carbon copy of the previously denied motion. *Compare* [#32] *with* [#44]. Accordingly, the Motion for Leave to Correspond is denied as duplicative. To the extent that the recently filed Motion for Leave to Correspond is construed as some type of motion for reconsideration, such motion is only appropriate when the court has misapprehended the facts, a party's position, or the controlling law. *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). Plaintiff has not identified an appropriate basis for the court to reconsider its prior order, nor has the court, in

reviewing the entire court file and Plaintiff's filings, identified any appropriate basis to either revisit or revise its prior order with respect to Mr. Faircloth.

With respect to Plaintiff's Motion to Appoint Counsel, I grant that Motion and find that counsel should be drawn from the Civil Pro Bono Panel. I have considered the following factors in reaching this conclusion: the nature and complexity of the action; the potential merit of Plaintiff's claims; Plaintiff's demonstrated inability to retain counsel by other means; and the degree to which the interests of justice, including the benefits of the court, will be served by appointment of counsel. D.C.COLO.LAttyR 15(f)(1)(B). First, Defendants' Motion to Dismiss addresses only two of Plaintiff's three claims and raises qualified immunity only as to Defendant Zupan. Plaintiff's claim for an Eighth Amendment violation is therefore going forward. Moreover, in their Answer, Defendants admit that "Plaintiff has medical conditions which may include Gender Dysphoria," offer only a general denial of any Eighth Amendment violation or allegation of deliberate indifference, and state merely that they are "without sufficient knowledge or information to confirm or deny" the allegations related to Defendant Sinker discontinuing the hormone treatment. [#21 at 2, 3]. Second, Tenth Circuit law instructs that deliberate indifference may be found where a prisoner alleges (1) his or her medical need for Gender Dysphoria treatment, and (2) that he or she has been offered no treatment at all. *Brown v. Zavaras*, 63 F.3d 967, 970 n.2 (10th Cir. 1995) (affirming that the law does not require prison officials to administer a specific treatment, though observing that another court had ordered prison officials to provide female hormones to a prisoner who had been receiving similar treatment prior to incarceration). Plaintiff's Complaint is short

and the allegations are brief, but they may be read as stating her need for Gender Dysphoria treatment, which has gone entirely unmet despite Defendant Sinker's knowledge of such need. Third, on February 12, 2015 the court granted Plaintiff's Motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [#5], thereby meeting the financial eligibility requirement. *See* D.C.COLO.LAttyR 15(e)(1)(A). This court is satisfied that the interests of justice are served by this appointment. Ms. Rodgers is cautioned, however, that until counsel enters an appearance, she continues to be personally responsible for complying with all court orders and time limitations established by any applicable rule.

Finally, Plaintiff states in her latest filing that she wishes to "ask for 3 things from the courts." [#48]. She requests that the court provide her with a Civil Rights Complaint Packet and a 28 U.S.C. § 2255 packet. She also draws a comparison between this case and a lawsuit in California involving a transgender prisoner who has sued for violation of her Eighth Amendment rights and Fourteenth Amendment equal protection rights, and states that she "would like to file all these same things with this honorable court." *Id.* The court is unclear as to the precise relief that Ms. Rogers seeks. However, to the extent Plaintiff wishes to amend her Complaint to plead an equal protection violation, or file any other similar motions in this case, she (or counsel acting on her behalf) will have to file an appropriate motion stating the specific relief she requests. While this court fully intends to construe Plaintiff's *pro se* pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers, *see Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), it cannot serve as a *pro se* litigant's advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Accordingly,

IT IS ORDERED:

1. The Motion to Appoint Counsel [#38] is **GRANTED**, the Clerk of Court shall select, notify, and appoint counsel to represent the *pro se* litigant in this civil matter;

2. The Motion for Leave to Respond [#41] is **DENIED AS MOOT**;

3. The Motion for Extension of Time [#43] is **DENIED AS MOOT**;

4. The Motion for Leave to Correspond [#44] is **DENIED**; and

5. The Motion for Order [#48] is **GRANTED IN PART** and **DENIED IN PART**, and the Clerk of Court is instructed to mail to Plaintiff a Civil Rights Complaint Packet and a 28 U.S.C. § 2255 packet.

DATED: August 4, 2015

BY THE COURT:

s/Nina Y. Wang
United States Magistrate Judge